is 182125 Willis Electric Company v. Polygroup. Ms. Alton, whenever you're ready. Your Honor, may it please the Court. I'm Marina Alton here on behalf of Willis Electric. In this case, I'd like to start by briefly discussing the principal claim construction issue that the parties have brought before your attention. The key issue is whether or not a channel void in the female end of an electronic sub-distribution system for a power system requires a separate plastic housing surrounding that void in order to define it. That is something other than the trunk. We submitted that because it's a void, it's simply empty space and it doesn't matter if it's surrounded by anything, much less plastic of the connector housing itself. I guess there are two questions here. One relates to the patentability of the independent claim, claim one, and dependent claim four, which have been held unpatentable by the Board. And then the question of whether the dependent claims were improperly held patentable by the Board, right? That's correct, Your Honor. If we were to affirm the Board with respect to claims one and four, claim one being the only independent claim, doesn't that mean that the starting place for the analysis of the dependent claims has to assume that claim one is unpatentable? That's correct. I assume that claim one is unpatentable based upon the claim construction entered by the court, or entered by the PTAB. The only reason to evaluate claim construction at all is to determine whether or not the additional reference or description of the 186 face of the patent, instead of the provisional application, also is an invalidating reference. Well, what confuses me is the channel void issue really becomes, that you're arguing, becomes irrelevant if claim one is held to be unpatentable. Because it's not the dependent claims that include the channel void limitation, it's the independent claims. That's correct, Your Honor. In assessing whether or not the dependent claims are patentable or not, the issue is not claim construction. The issue is instead whether or not the petition articulated a position or an adequate rationale for pointing to aspects of the face of the 186 patent rather than the provisional patent in alleging a challenge or making a challenge to those dependent claims. Can I ask you, though, this is just on a housekeeping matter. If we were hypothetically to agree with you, are there still some dependent claims left unresolved that are affected by this auto question, the combination of auto and the police? No. So if we were to agree hypothetically with you that at least it needs to be remanded because the board erroneously didn't consider the provisional and the non-provisional CHEN, does that take care of everything, all of the dependent claims here? Yes, Your Honor. Between McLeish and the CHEN-based grounds, all of the claims would be remanded. So what was the relevance of the auto reference? Wasn't that something that was necessary to clean up some of the dependent claims? Because you're also challenging the board's treatment of that, right? Well, it's an alternative argument, Your Honor. Okay, so it's an alternative. Yes. And with respect to whether or not there should be a remand for the dependent claims based upon the CHEN grounds, I would submit that there should be. So you're not seeking a reversal here. You're just seeking a remand. Well, obviously, we requested a reversal, but you had raised in your question the possibility of a remand. I think that because the exact same evidence has been cited and held to be invalidating with respect to the same claim terms in the related family, I don't think that there's a reasonable dispute left to say that the evidence cited in the dependent The key issue, as you've been referring to, is whether or not we appropriately cited to invalidating evidence in the course of the petition. I would submit that the analysis performed by the PTAB was unduly formulaic in that regard. We have successfully argued that the non-provisional and provisional application references were properly incorporated, meaning that there's simply one reference. The rationale that the PTAB employed in failing to consider the evidence that was cited in our limitation-by-limitation analysis is simply that we cited, instead of to invalidating material in the provisional, also to the 186 patent phase. So they thought there would have been required a motivation to combine the various embodiments in the two references, and that wasn't your intent? Or was it presented as an alternative, in your view? It was... We intended that we would not have to allege motivation to combine because they're incorporated references. This is one document. And in fact, you didn't go item-by-item or limitation-by-limitation in the dependent claims to show motivation to combine the particular features. You relied solely, if I understand correctly, that Chin should have been combined with the provisional, right? No, Your Honor. I typically practice with multiple levels of analysis. And so that's why the petition actually does articulate a motivation to combine as a catch-all, that you would also combine the Chin provisional with the 186. I don't really think you're responding to what I said. What I said is, it seems to me you put all your eggs in one basket. You said there would have been a motivation to combine Chin, which has these other limitations together with the provisional. And I guess maybe you've also said something about McLeish and Otto, possibly. But you didn't... I don't see in your expert testimony... Now, maybe I missed it. I'd be happy to look at it. I don't see in the expert testimony you're taking a limitation-by-limitation approach to dependent claims, like the power cord limitation, and saying it would have been obvious to add a power cord to the device that's shown by Claim 1, for example. Well, we did allege a separate motivation to combine for, for example, the shutter and for the limitations related to the alignment mechanisms in the tree. I might be misunderstanding your question. Where do I find those separate... those discussions in the appendix? Just give me an example. Yes. Because I thought the theory was that Chin showed all these additional limitations of the dependent claims, and that it would have been obvious to combine Chin with the features of Claim 1. No. With respect to the dependent claims, once there's a motivation to combine both Chin and its provisional application, I don't think I have to allege separate motivations, but we did do so. I understand. I understand that theory, that Chin showed all the dependent limitations, right, and that it would have been obvious to combine Chin with the features shown by Claim 1, and that renders the dependent claims obvious. I understand that theory. I'm just saying I didn't understand that you went limitation by limitation and said, here's a reason to add the power core, for example. And show me if I'm wrong. Legally, I don't think that that is the standard, but if I can point you to Appendix at 87, this is an example of a dependent claim for Claim 7, where the artificial tree of Claim 1 further comprising alignment mechanisms to prevent the first trunk section from rotating with... We said that the motivation would be to prevent the first trunk section from rotating with respect to the second trunk section, because if after assembly the tree can still spin, then that would... Did you have expert testimony on this? Yes, I do believe it's in his DERPY. Where do I find that? Never mind. You should know this. There was a separately identified motivation to combine for this alignment mechanism claim, and also for Claim 5 with respect to McLeish. But not for the others? Only the general motivation to combine the two references. That applies to the others. I'm a little unclear on why this provisional is your threshold argument that the Board misread, correctly read it with regard to its analysis of Claim 1, but not with respect to the dependent claims, that this provisional was incorporated by reference into the other application. End of story. You don't have to show a particular motivation to combine them, the various embodiments and pieces of those two references. So is that your argument, or am I misunderstanding? I have a two-pronged argument, and one is that because they're incorporated by reference, you don't have to show a separate motivation to combine because they're not separate embodiments. And secondarily, that we did articulate an adequate motivation to combine the various aspects of the references. But only two of them. You told me a minute ago that there was a separate argument or separate evidence about a motivation to combine two of the dependent claim limitations. And I thought you agreed that with respect to the others, you have to rest on this incorporation theory. On Appendix 80, Oposa would find it obvious to combine the disclosures of the provisional application with the 186 because the 186 incorporates the 751 in its entirety. That's the incorporation argument. No. Find it obvious to combine. The two references are highly related from the same field of art. Incorporation. You combine Chin with the provisional. No. This is a motivation to combine argument. I understand, but it is based entirely on the theory that it would be a motivation to combine Chin with the provisional. Not that the individual features of the dependent claims would have been added to the features of claim one. I see what you're saying. I have an incorporation by reference argument, a general motivation to combine the two references, and then the two specific motivations also articulated. Thank you. Good morning, Your Honors. May it please the Court. The issues today on appeal are what arguments Willis failed to make, and we were just talking about them a moment ago. Before we get into that, could you just confirm any disagreement with your friend's analysis about this hypothetical, or if we were to do, if we were to agree with the Chin issue, then a vacate of all the claims, if there are no other dependent claims hanging out there for auto or whatever. Is that your understanding? I believe so, Your Honor. I'm sorry, I don't remember the hypothetical all that well. But I believe if the Court disagrees with what the Board did, the issue is to be remanded, because they just didn't consider it. But what the Board did here was consider the arguments that were presented by Willis. What's left for the Board to decide? If we were to accept the argument that Chin and the provisional should be treated as a single reference because Chin incorporated the provisional, then what's left for the Board to decide? It's the case, isn't it, that all the dependent claim limitations are shown by Chin? That is true, Your Honor, but I disagree that it matters whether the Court finds whether this was one reference or two references. What was argued here is what the Board assessed, and we were just talking about in the appendix what the arguments were. And if you turn to appendix page 79 and 80, and 82.3, which we were just talking about, that's where Willis specifically, it's appendix 79, 80, 81, 82. This is where Willis, with respect to Claim 1, specifically identifies, with respect to the Chin provisional, how Chin provisional meets each one of those elements. They make it very clear. And they distinguish between Chin and Chin provisional. And they don't ever say, you take this part from Chin and this part from Chin provisional. They make a separate argument as to Ground 1. But moving forward, Your Honor, we were just talking about some of these. If you look at Claims 2 and 3, which are on page 42, I'm sorry, page 84 and 85 of the appendix, there's no discussion of Chin provisional whatsoever. But then the very next page, page 85 of the appendix. You said on page 84 and 85, what were you saying? So that's Claims 2 and 3, the analysis. So the dependent claims. Right there, there's only discussion of Chin. No discussion whatsoever of the provisional. Look back up a moment. If we were to, and I know you argue that Claim 1 was improperly found to be unpatentable. Let's assume we reject that argument and we say that the Board correctly determined that the sole independent claim, Claim 1, was unpatentable. Then the only remaining issue in the case is whether the dependent claims are unpatentable. And the starting point for that has to be that the limitations shown in Claim 1, which are part of the dependent claims, the starting point is that was obvious. And the question then becomes whether the dependent claims are patently distinct from the independent claims. Right? I agree with you, Your Honor. But let's say it's one reference. There are multiple embodiments within that reference, clearly. And Figure 13, the connector that is the Chin Provisional Connector that they rely upon, is even identified in the specification as an alternative embodiment. They can't just mix and match between embodiments without articulating some motivation to do so and some ability to do so. I thought it was undisputed that Chin showed all limitations. Sorry, Your Honor. That's the point I'm trying to make. It's not undisputed. In fact, the problem here is that Willis failed to articulate where Chin Provisional taught these other elements. They relied only on Chin with respect to claims 2, 3, and 5 through 10. They cited Chin Provisional only with respect to claims 1 and 4. Like I was just saying, if you turn to page 85. That seems to be saying that we're going to hold the dependent claims patentable because you haven't come in and shown yet again that claim 1 is unpatentable. We have the starting point, under my hypothetical argument, is claim 1 is unpatentable. Then we have to look to see whether the dependent claims are also unpatentable. Whether they're patentably distinct from claim 1. And they've said, on that point, they say Chin shows all the limitations of the dependent claims. And you don't disagree with that, right? Your Honor, maybe the better way to... Is that true? That Chin shows all the limitations of the dependent claims? Of the dependent claims, yes. No, that's not true. At least the safety shutter one, which I think is claim 5, I haven't looked. I don't know that... There are one or two claims, to answer your question. So it's to most of them. Absolutely. But what I was going to say, maybe the better way to articulate this is if it's one reference, there are two distinct embodiments here. There's the Chin embodiment and there's the Provisional embodiment. And they argue them separately and distinguish between them in their petition, very clearly, very distinctly. And they only assert... And Chin by itself, they found, did not teach the channel void, which we were talking about earlier. And in fact, the Board noted that Willis never even argued that it met the construction of channel void that was adopted. The channel void limitation is not a limitation of the dependent claims. It's a limitation of the independent claims. I understand, Your Honor. And what I'm trying to explain is Chin, by itself, does not teach claim 1. So thus the dependents also are not taught by Chin. Chin Provisional, which the Board found did teach the channel void, it was not assertive. I don't understand what you're saying. Under the hypothetical I gave you, claim 1 is unpatentable. Claim 1, unpatentability finding by the Board rests on a determination that the Provisional shows the channel void limitation and that claim 1 is unpatentable, right? So we're no longer concerned about the channel void limitation once we get to the dependent claims, because that's not a limitation of the dependent claims. Under your assumption, Your Honor, you're melding Chin and Chin Provisional into one thing, which they're not. They're two separate embodiments. They go together. The documents go together, right? I'm agreeing with that, Your Honor. They incorporate by reference and they go together. And they teach multiple different inventions and embodiments within them. And Willis, if it intended to pull bits and pieces from each part, it had to articulate it. But it didn't. And in fact, it very clearly articulated an argument with respect to Chin and then a separate argument with respect to Chin Provisional, which is distinctly different because of the connector. The figure 13 connector is vastly different than the connector in the Chin document. And as the Board properly found, there are only two places where Willis articulated arguments based on Chin Provisional. That's Claim 1 and Claim 4. If they wanted to assert Chin Provisional as to Claim 2 and 3 and what have you, they should at least cite to it. But they don't. They don't say anything about it. It's the same issue with respect to Claim 1. It's that part of Claim 1 which is incorporated into the dependent claims. It's already been found under the hypothetical, already been found to be unpatentable. That's the starting point for the analysis of the dependent claims under the assumption that Claim 1 is unpatentable. Under the assumption, yes, but I'm challenging the assumption. I don't think the assumption is proper. That's what I'm trying to articulate. I think the assumption is wrong that Chin does not teach Claim 1. Okay, so now you're on to your cross-appeal. I'll move on to the cross-appeal, yes, Your Honor. So the cross-appeal is relatively narrow. We don't believe the Board relied on substantial evidence with respect to its determination that Claims 1 and 4 were unpatentable based on the combination of Provisional and McLeish. Largely because there just is no motivation to combine this articulated anywhere in the petition. In fact, the entirety of Willis' argument on this is up from page 83 and 84 of the appendix. And the entirety is, POSAs would find it obvious to employ spring-activated contact sections in the contact device and recognize how such connections function, i.e., the spring-activated contact presses against the central prong to maintain electrical contact between the central prong and the contact device. It's a generic argument that's directed at spring-activated contacts generally. It does not address McLeish. And what's telling, Your Honor, is that nowhere in there was what a POSA would do. That was what a POSA could do, which this Court held in Belden v. Burkett is insufficient. Moreover, there's not any articulation of how you would make that combination of the 751 Provisional with the Figure 13 Provisional Connector with McLeish. Because as I described earlier, the Figure 13 Connector is a uniquely structured connector, and it has a, one of its electrical contacts is a flat, pad-like connection point in the very bottom of the connector. There's no explanation of how or why you would put a spring-activated contact on that. And in fact, the Board gets it wrong, because there isn't any evidence in the record on this. The Board, at page 23, says that the spring-activated contact would be added to void 452. We can't add a contact to a void. A void is empty space. So the Board got it wrong. It did not assess that properly. So on that basis, we believe that the Board should be reversed as to Claims 104. I was going to address Otto briefly, although I'm not sure you're interested. With respect to the Otto and McLeish combination, the Board found... Is that relevant to your cross-appeal? It is not relevant to our cross-appeal. Unless you have any other questions about the merits of the appeal, I'll sit down. Thank you. Thank you, Your Honors. Just very briefly, in the course of the PTAB proceeding, the patent owner, in this case, never opposed the substance of the dependent claims. They didn't say that there was some lack of disclosure in the Chen material that was deficient in some regard. Or with respect to Claim 5, they didn't oppose that, for example, McLeish disclosed a shutter. So just as an example, the power cord is not a power cord, or that the connector wouldn't be able to connect in multiple rotational alignments. I also wanted to note in commentary on this argument that the provisional application itself was also incorporated by reference to each of the dependent claims as the beginning of each argument. And to just briefly address the claim that these are separate embodiments in a single reference. These are between the provisional and the 186 patent face, modular lighted artificial trees, they have a coaxial connector in the trunk, and they all have lights on them. So the case law by the Federal Circuit doesn't demand exact identity between the various disclosures in a reference in order for them to be considered the same embodiment, and I think that's demonstrably the case here. I also just wanted to point to the fact that the PTAB agreed with us on our position that spring contacts are well known in the art, aside from the citations that were provided by my friend here. There were citations in the factual record of Appendix 76, for example, and the McLeish spring finger showing that a POSA would generally know how to put a spring-based contact within the central void as is required to invalidate these claims. Unless you have any other questions? Thank you. May you reserve some time for your questions. I think I've covered everything, unless you have any questions. I appreciate that. Thank you. We thank both sides and the case is submitted.